[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Ekaterina Papadopoulos, has filed a complaint against the defendant, Ernest Josem, alleging negligence, malicious prosecution, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On October 12, 1999, at 12:00 p.m., the plaintiff filed a motion for default for failure to plead pursuant to Practice Book § 10-18,[1] which was granted by the clerk of the court on the same date. On October 12, 1999, at 12:22 p.m., the defendant filed a motion to strike the entire complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
"If a defaulted party wishes to file a motion to strike, the party must first move the court to open the default pursuant to Practice Book § 376 [now § 17-42].[2] McGhie v. Reliable Taxi Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280107 (August 4, 1993, Leheny, J.) (8 C.S.C.R. 904)." Martin v. Martins, Superior Court, judicial district of Waterbury, Docket No. 124326 (July 26, 1996, Pellegrino, J.); see also Kapral v. King Conn Enterprises, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320144 (January 9, 1996, Maiocco, J.); Scott Swimming Pools v.Aniscovich, Superior Court, judicial district of Waterbury, Docket No. 114383 (October 19, 1993, Sylvester, J.). "A motion to strike cannot be entertained when a motion for default has been granted against the defendant and the defendant has not moved to open the default pursuant to Practice Book § 376 [now § 17-42]." (Internal quotation marks omitted.) Martin v. Martins, supra, Superior Court, Docket No. 124326; see also Kapral v. King Conn Enterprises, Inc., supra, Superior Court, Docket No. 320144 (the motion to strike was not properly before the court since the default motion against the defendant had not been set aside); McGhie v. Reliable Taxi Co., supra, 8 C.S.C.R. 904 (the motion CT Page 5711 to strike was not properly before the court since the defendant had not moved to open the default); Catalina v. General Accident Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 109676 (February, 1, 1993, Sylvester, J.) (same); Neiman Marcus Group, Inc. v.Meehan, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387601 (September 19, 1991, Schaller, J.) (5 Conn.L. Rptr. 16, 17) (same).
In the present case, the defendant has not filed a motion to set aside the default pursuant to Practice Book § 17-42. See Martin v. Martins, supra, Superior Court, Docket No. 124326; Kapral v. King ConnEnterprises, Inc., supra, Superior Court, Docket No. 320144. Thus, the defendant's motion to strike is not properly before the court, and is, accordingly, denied.
So Ordered.
D'ANDREA, J.